**Electronically Filed
Supreme Court
SCAD-22-0000380
17-JAN-2023
02:43 PM
Dkt. 106 OSUS**

SCAD-22-0000380

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

ERIK W. KVAM,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NO. 20-9001)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of the June 9, 2022 report submitted to this court by the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, the arguments set forth in the parties' briefs, and the record in its entirety, we find and conclude, by clear and convincing evidence, that the record supports the Board's Findings of Fact.

Furthermore, we conclude, based upon clear and convincing evidence in the record, that Respondent Kvam violated the following provisions of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994) through the following misconduct:

Respondent Kvam, in 2010, failed to communicate the basis or rate of his fees to a new client within a reasonable

time after commencing the representation, in violation of HRPC Rule 1.5(b), and invoiced, and received from, his client $59,750.00 for 59.75 hours of legal work, asserting a rate of $1,000.00 an hour, thereby charging an unreasonable fee, in violation of HRPC Rule 1.5(a).

Respondent Kvam, in violation of HRPC Rules 1.13(b) and 1.13(e) (1994), failed to act in the best interest of his corporate client, including by failing to consult with a higher authority at the corporation when confronted by, and conceding to, an employee's request both for a cash commission for assisting with securing the representation and for the drafting of an indemnity agreement of extraordinary scope and breadth to indemnify the employee against the interests of the corporation, and invoicing his client for the preparation of the indemnity agreement.

For representing to the corporation that the entirety of the $59,750.00 fee paid to him was for legal services, when a significant portion was instead paid to the employee as a commission, Kvam violated HRPC Rule 8.4(c) (1994) and, for paying the commission, Kvam violated HRPC Rule 7.2 (1994).

We adopt the Board's recommended aggravating and mitigating factors; that, in aggravation, Kvam evinced a dishonest or selfish motive, committed multiple violations in the present matter, and has refused to acknowledge the wrongful nature of his conduct but, in mitigation, has a heretofore clean disciplinary record.

2

We concur with the Board that Respondent Kvam's conduct was knowing and intentional and caused serious injury to his client and, therefore, that under Standards 4.31(b), 4.61, 5.11(b), and 7.1 of the *American Bar Association Standards for Imposing Lawyer Sanctions*, his conduct warrants disbarment. However, we find, based upon the particulars of the record in this case, Respondent Kvam's clean disciplinary record prior to this matter to be of persuasive significance. Therefore,

IT IS HEREBY ORDERED that Respondent Erik W. Kvam is suspended for two years from the practice of law in this jurisdiction, effective 30 days after the date of entry of this order, pursuant to Rule 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Kvam shall, in accordance with RSCH Rule 2.16(d), file with this court, within 10 days after the effective date of his suspension, an affidavit showing compliance with RSCH Rule 2.16(d) and this order.

IT IS FURTHER ORDERED that Respondent Kvam shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs and an opportunity to respond thereto, as prescribed by RSCH Rule 2.3(c).

DATED: Honolulu, Hawaiʻi, January 17, 2023.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



3